IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH MILLER,

        Plaintiff,

v.                                              No. 16cv1013 JAP/KK

ROBERT MONTOYA

        Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT WITHOUT PREJUDICE**

        **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 12, 2016 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 12, 2016. For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice.**   Plaintiff will have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Applications to Proceed *in forma pauperis***

        The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60

(10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).  "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff states that: (i) his monthly income is $1,475.00 from disability and $210.00 from self-employment; (ii) he has only $50.00 in cash and $50.00 in bank accounts; and (iii) his monthly expenses are $1,475.00 to more than $1,810.00.[1]  The Court finds that Plaintiff is unable to prepay the fees to initiate this action because of his low monthly income and because his monthly expenses exceed his monthly income.

**Dismissal for Lack of Jurisdication**

Plaintiff alleges the following facts.  *See* Complaint at 1-3.  Plaintiff purchased a property from Defendant.  Defendant threatened to kill Plaintiff if Plaintiff did not sell the property back to Defendant for $1,000.00.  Defendant trespassed on Plaintiff's property and threatened to jail one of Plaintiff's employees.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013)

---

[1] Plaintiff reports his monthly expenses total $1,475.00.  According to the Court's calculation, Plaintiff's itemized expenses total $1,810.00, excluding the $450.00 in property taxes owed which do not appear to be a monthly expense.

("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff does not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1). It does not appear that the Court has federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Although Plaintiff initiated this action using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," which states "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983," Plaintiff makes no allegations that he was deprived, under color of state law, of any right, privilege or immunity secured by the Constitution or laws of the United States. The Court also does not have diversity jurisdiction over Plaintiff's claims because the Complaint indicates that both Plaintiff and Defendant are citizens of New Mexico. *See* Complaint at 1; *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (in order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000 . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff has not met his burden of alleging facts that support jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Plaintiff will have 21 days from entry of this Order to file an amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("pro se litigants are to be given reasonable

opportunity to remedy the defects in their pleadings"). Failure to timely file an amended complaint with allegations showing federal court jurisdiction may result in dismissal of this case without prejudice.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time because the Court is dismissing Plaintiff's Complaint. The Court will order service if Plaintiff timely files an amended complaint which alleges facts which support jurisdiction, states a claim on which relief may be granted, and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 12, 2016, is **GRANTED.**

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 12, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**